CASE 73—MOTION BY MOLLIE BARNETT FOR A RULE AGAINST THOMAS P. COOK, CIRCUIT JUDGE.— March 10, 1909.

## Barnett v. Cook, Judge

Appeal from motion made and overruled in Court of Appeals.

Appeal and Error—Disposition of Cause—Mandate and Proceedings in Lower Court.—A demurrer to the petition was sustained, and upon plaintiff's refusal to amend, her action was dismissed. On appeal the petition was held to state a cause of action, and the judgment was reversed; the opinion not in terms preventing defendant from filing an answer. Held that, defendant having answered on filing of the mandate, the court properly referred the cause to a commissioner for proof and report upon issues of fact made by the pleadings, and a trial having been had, and a judgment adverse to plaintiff having been rendered on the merits, her remedy was by appeal, and not by rule against the judge to show cause why he should not enter a judgment in conformity with the mandate.

Barnett v. Cook, Judge.

J. W. HEAD for plaintiff.

DUFFY and RIVES for defendant.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE.

The plaintiff complains that the judge of the Christian circuit court refused, after the reversal of the judgment of that court on her appeal and the filing in that court of the mandate of this court, to enter judgment in conformity to the mandate, and asks a rule against the circuit judge to show cause, if any he can, why he should not be required to do so. The judgment of the circuit court reversed by this court on the appeal referred to simply sustained a demurrer to plaintiff's petition, and, upon her refusal to amend, dismissed her action. On the appeal this court decided that the petition stated a cause of action, and that the court below erred in sustaining the demurrer, and for this reason the judgment of that court was reversed. The opinion indicated what steps should be taken in the circuit court in proceeding to adjust the rights of the parties, but did not in terms or meaning prevent the defendant, upon the return of the case to the circuit court, from filing an answer and presenting his defense to the action. So upon the filing of the mandate in the circuit court the defendant filed answer, and the court then properly referred the case to the master commissioner, with direction to take proof and report upon the issues of fact made by the pleadings. The commissioner took proof and made a report, and upon the exceptions filed thereto and all questions presented by the record there was a trial and judgment adverse to plaintiff upon the merits.

It being apparent that the circuit court did not proceed in violation of the opinion and mandate of this court, but in conformity thereto, it follows that, if plaintiff feels aggrieved at the judgment rendered, her remedy lies in the right of appeal.

Manifestly she is not entitled to the rule asked, and her motion therefor is therefore overruled.

We express no opinion as to the judgment complained of. It can be reviewed only upon appeal.